## Pierce-Phelps, Inc., v. Miller Bros. Tire Co.

*W. W. Van Baman*, for plaintiff.
*Palmer C. Bortner*, for defendant.

ANDERSON, J., March 21, 1940.—Plaintiff instituted a suit in assumpsit against defendant based on a book ac-

count arising out of a verbal contract for the sale of certain merchandise to defendant. Defendant filed an affidavit of defense wherein it denied the purchase of certain items set forth in plaintiff's statement of claim and admitted the purchase of others. Said affidavit of defense also contained a set-off or counterclaim for a sum alleged to be due from plaintiff to defendant. The counterclaim is based on a transaction involving a Crosley X-Ervac machine delivered by plaintiff to defendant under an oral agreement whereby defendant was to try to sell the machine and pay plaintiff the price therefor, but if unable to sell said machine plaintiff agreed to take it back at no cost to defendant. Defendant alleges unsuccessful efforts to sell the machine and frequent requests to return it, which plaintiff refused and thereafter demanded payment therefor. Some four months after the machine was delivered to defendant, plaintiff demanded settlement of the open account due from defendant. Defendant objected to settling the account because the price of the X-Ervac machine was included therein and called plaintiff's attention to the verbal agreement covering the said machine. Plaintiff again agreed that the terms of the original agreement would be complied with and instructed defendant to continue to endeavor to sell the machine and that if unsuccessful it could be returned before the last trade acceptance to be given in settlement came due. Defendant thereupon gave the trade acceptances as requested, which were thereafter paid. Defendant's further efforts to sell the machine were fruitless and frequent demands were made on plaintiff to take back the machine, all of which were refused.

Plaintiff now files an affidavit of defense raising questions of law and asks for judgment against defendant as to its set-off and counterclaim, alleging as legal grounds therefor the fact that "defendant alleges a verbal contract but fails to set forth with whom in plaintiff's corporation such contract was made" and, secondly, that defendant fails to show a cause of action in its set-off and

counterclaim but, on the contrary, shows payment of the amount claimed therein by means of trade acceptances which have been paid.

Plaintiff's first contention is not valid. Defendant is not obliged to state specifically with what particular representative of plaintiff's corporation the agreement was made and plaintiff is not entitled to judgment because of the omission even if required, as the statement could be so amended.

"It is not necessary for the plaintiff to state whether the goods were sold or bought by an agent": 3 Standard Pennsylvania Practice, p. 370; Diamond Rubber Co., to use, v. Murr, 3 D. & C. 326.

". . . an affidavit of defense which averred that at the time of accepting order, the plaintiff corporation made certain promises is sufficient as to the identity of the agent, as the inference is that the one making the sale made the promise": 4 Standard Pennsylvania Practice, p. 267, sec. 274; Becker Associates, Inc., v. Rosenblatt et ux., 25 Luz. L. R. Rep. 250.

Plaintiff's second contention that judgment should be entered because of the failure of defendant to assert a cause of action is not tenable in this case, as it is evident from the pleadings that a running account was carried on between the parties and it is therefore apparent that the whole matter should be submitted under proper instructions to a jury for their determination. The said set-off and counterclaim seems to contain all the necessary averments essential to a cause of action. In addition, summary judgment on an affidavit of defense raising questions of law may be entered only where the right to it is clear and free from doubt. Where the right to a summary judgment is at all in doubt a rule for judgment will be discharged and the parties remitted to trial. As the situation presents itself we feel that this is a case where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than presented by the bare pleadings, and that

plaintiff's motion for judgment on an affidavit of defense raising questions of law should be overruled and refused: Richey v. York County National Bank, 52 York 33.

And now, to wit, March 21, 1940, plaintiff's motion for judgment on an affidavit of defense raising questions of law is overruled and refused and plaintiff is allowed 15 days within which to file an answer or reply on the merits, and an exception is granted to plaintiff, Peirce-Phelps, Inc., to the action of the court in this regard.